IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRAE ALLEN CORDELL,**<br><br>**Defendant.** | Case No. 24-CR-083-JFH |

## OPINION AND ORDER

Before the Court is a Notice of Other Crimes, Wrongs, or Bad Acts ("Notice") filed by the United States of America ("Government"). Dkt. No. 25. In its Notice, the Government details other crimes, wrongs, or bad acts committed by Defendant Trae Allen Cordell ("Defendant") that it intends to introduce at trial pursuant to Federal Rules of Evidence 404 and 609. *Id*. at 1. Defendant has not objected or otherwise responded. Nevertheless, the Court must determine the admissibility of the evidence described in the Government's Notice.

## BACKGROUND

On June 12, 2024, Defendant was charged by indictment with three counts: (1) Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). Dkt. No. 2. Specifically, the indictment alleges that on or about April 3, 2024, Defendant possessed with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and, further, was in possession of two firearms in furtherance of drug trafficking and following a previous felony conviction. *Id*. This case is set on the Court's December 2, 2024 jury trial docket. Dkt. No. 23.

**April 2, 2024 Traffic Stop**

On April 2, 2024, the Cherokee County Sheriff's Office attempted to conduct a traffic stop on a yellow Ford Escape driving down the center of a roadway in Tahlequah, Oklahoma.[1]  Dkt. No. 25 at 2.  The vehicle attempted to flee law enforcement, but eventually stopped in front of Defendant's residence.  *Id*.  The driver of the vehicle fled on foot, but Defendant and A.H., who were passengers in the vehicle, were apprehended.  *Id*.  During a search of the vehicle, law enforcement found two clear plastic bags in the front center console containing a white crystal substance, a plastic bag in the front center console containing a green leafy substance, a backpack in the back seat containing a glass jar with a green leafy substance, and various drug paraphernalia, including syringes and digital scales.  *Id*.  In the back of the vehicle, under the spare tire compartment, law enforcement found six plastic bags containing a white crystal substance.  Dkt. No. 25 at 2-3.  The white crystal substances were tested and determined to be methamphetamine.  *Id*. at 3.  The green leafy substances were tested and determined to be marijuana.  *Id*.  Defendant was arrested at this time for conduct related to the traffic stop and on an outstanding arrest warrant on state drug-related charges.  *Id*.  In a search incident to Defendant's arrest, law enforcement located $1,350.00 in United States currency on Defendant's person.  Dkt. No. 25 at 3.

**April 3, 2024 Interview of A.H.**

The following day, the Cherokee County Sheriff's Office interviewed A.H. regarding the April 2, 2024 traffic stop.  *Id*.  During the interview, A.H. informed law enforcement that Defendant had methamphetamine in a safe in the back room of his residence, along with two firearms.  *Id*.  Based on the April 2, 2024 traffic stop and A.H.'s statement, law enforcement

---

[1] For purposes of determining the admissibility of the evidence described in the Government's Notice only, the Court accepts the Government's recitation of facts.

obtained a search warrant for Defendant's residence where they found the methamphetamine and firearms described by A.H., giving rise to the instant case. *Id.*

**Defendant's Criminal History**

Defendant has eight (8) prior felony convictions:

1. June 2021: felony conviction for knowingly receiving or concealing stolen property; sentenced to 2 years in the Oklahoma Department of Corrections in Cherokee County District Case No. CF-2021-131.

2. June 2021: felony conviction for possession of a stolen vehicle; sentenced to 2 years in the Oklahoma Department of Corrections in Cherokee County District Court Case No. CF-2021-76.

3. September 2019: felony conviction for unlawful possession of a controlled drug with intent to distribute; sentenced to 12 years in the Oklahoma Department of Corrections in Cherokee County Case No. CF-2018-216.

4. September 2019: felony conviction for burglary in the second degree; sentenced to 12 years in the Oklahoma Department of Corrections in Cherokee County District Court Case No. CF-2017-656.

5. September 2019: felony conviction for unlawful possession of a controlled drug with intent to distribute; sentenced to 12 years in the Oklahoma Department of Corrections in Cherokee County District Court Case No. CF-2017-215.

6. Felony conviction for burglary in the second degree in Cherokee County District Court Case No. CF-2013-394.

7. Felony conviction for possession of a controlled substance in Cherokee County District Court Case No. CF-2012-124.

8. Felony conviction for unauthorized use of a motor vehicle and six counts of burglary in the second degree in Cherokee County District Court Case. No. CF-2011-499.

Dkt. No. 25 at 1-2.

## AUTHORITY AND ANALYSIS

The Government seeks to introduce evidence of the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview as intrinsic evidence because both led to the search of Defendant's residence and provide necessary background information as to how law enforcement discovered

the methamphetamine and firearms which form the basis of the indictment. Dkt. No. 25 at 4. The Government also seeks to introduce evidence of Defendant's eight (8) prior felony convictions in its case-in-chief to satisfy the elements of the Felon in Possession of Firearm count. *Id*. Additionally, should Defendant testify at trial, the Government intends to use evidence of Defendant's prior felony convictions to impeach Defendant pursuant to Fed. R. Evid. 609. *Id.*

### I.     Fed. R. Evid. 404

The Government seeks to introduce evidence of the April 2, 2024 traffic stop, A.H.'s April 3, 2024 interview, and Defendant's prior felony convictions as intrinsic evidence or, in the alternative, under Fed. R. Evid. 404(b). Dkt. No. 25.

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> …
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Courts in the Tenth Circuit begin a Rule 404(b) analysis with a determination of whether the relevant evidence is intrinsic or extrinsic to the charged conduct, as Rule 404(b) does not apply to intrinsic evidence. *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011)). Evidence is considered "intrinsic" when it is inextricably intertwined with the charged conduct, meaning it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury;" contrastingly, evidence is "extrinsic" when it "is extraneous and is not connected or blended with the factual circumstances of the charged offense." *Id.* (quoting *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009)).

4

If the Court determines evidence is intrinsic, Rule 404(b) does not apply. However, the evidence "remains subject to the requirement of FRE 403 that its probative value is not substantially outweighed by the danger of unfair prejudice." *Irving*, 665 F.3d at 1212. If the Court determines the evidence at issue is not intrinsic, the Rule 404(b) analysis continues and the Court must consider four factors: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Here, the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview are inextricably intertwined with the offense conduct. Both the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview were part of an ongoing investigation which ultimately led to the indictment in this case, making them directly connected to the factual circumstances of the crime. These events also provide contextual or background information to the jury in explaining what led to the search warrant and, ultimately, how Defendant came to be charged in this action.[2] For these reasons, the Court finds that the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview are intrinsic to the charged conduct and Rule 404(b) does not apply. However, the Court finds that A.H.'s statement is hearsay and is not admissible in the form the Government seeks to introduce it here. A.H.'s statement would only be admissible as intrinsic evidence at trial if A.H. were called to testify and subject to cross-examination. Fed. R. Evid. 801. Therefore, while intrinsic, the admissibility of A.H.'s statement hinges on compliance with the rule against hearsay.

---

[2] The Court notes, however, that while the Government is permitted to introduce evidence that there was a search warrant involved in the case, it will not be permitted to discuss the content of the affidavit for the warrant in the presence of the jury.

Next, the Court must consider the Rule 403 balancing test of whether the evidence is substantially outweighed by its prejudicial effect. *See Irving*, 665 F.3d at 1212. "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quoting Fed. R. Evid. 403 advisory committee's note). Although the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview may be prejudicial, the Court does not find the evidence to be unduly so. Rule 403 does not require exclusion. Evidence of the April 2, 2024 traffic stop and A.H.'s April 3, 2024 interview is admissible as intrinsic evidence.[3]

Likewise, evidence of Defendant's prior felony convictions constitutes intrinsic evidence. Specifically, this evidence is necessary for the Government to prove that Defendant was previously convicted of a felony and that he was aware of such conviction at the time of possession in its case-in-chief as to the Felon in Possession of a Firearm count. Absent a stipulation by the parties, the Government is entitled to establish these elements at trial by introducing evidence of Defendant's prior felony convictions.

Because it establishes essential elements, evidence of Defendant's prior felony convictions holds extreme probative value. However, for reasons set forth in more detail in Section II(B) below, the Court finds that the probative value of Defendant's prior convictions for unlawful possession of a controlled drug with intent to distribute and possession of a controlled substance are outweighed by undue prejudice and, therefore, Rule 403 requires exclusion as to evidence of these prior convictions. The Court finds that evidence of Defendant's remaining prior felony convictions is admissible as intrinsic evidence.

---

[3] Subject to compliance with hearsay rules as discussed previously.

**II.     Fed. R. Evid. 609**

For purposes of impeachment, evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). However, "if more than 10 years have passed since the witness's [sic] conviction or release from confinement for it, whichever is later," the probative value must *substantially* outweigh the prejudicial effect and the offering party must give its adverse party reasonable written notice of its intent. *Id.* at (b). A "special balancing test" is used for defendant-witnesses because these litigants face "a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's notes to the 1990 amendments). This balancing test has five factors:

   (1) the impeachment value of the defendant's prior crimes;

   (2) the dates of the convictions and the defendant's subsequent history;

   (3) the similarity between the past crime and charged crime;

   (4) the importance of the defendant's testimony; and

   (5) the centrality of the defendant's credibility at trial.

*Id.*

   **A.  Consideration of the *Smalls* factors**

   ***1. Impeachment Value***

"In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). However, even if a defendant's prior convictions do not involve

dishonestly or false statement, a defendant still may be impeached. *Id*. (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) ("[I]t is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial."); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

The Court finds that Defendant's prior convictions for possession of controlled substances, burglary, and unauthorized use of a motor vehicle do not involve characteristics that go to Defendant's capacity for truthfulness. *See United States v. Seamster,* 568 F.2d 188, 190 (10th Cir. 1978) (holding that while robbery, burglary and theft are ordinarily considered to be dishonest, Rule 609 is more restrictive; specifically, the prior conviction must involve "some element of deceit, untruthfulness, or falsification which would tend to show that an accused would be likely to testify untruthfully"); *see also United States v. Mejia–Alarcon*, 995 F.2d 982 (10th Cir.1993) and *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998). This factor does not weigh in favor of admitting these prior convictions. However, Defendant Johnston's prior convictions for knowingly receiving or concealing stolen property and possession of a stolen vehicle do involve at least some characteristics that go to Defendant's capacity for truthfulness and, therefore, this factor weighs in favor of admitting these prior convictions.

### 2. *Temporal Proximity*

Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. However, the "probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id*. (internal citations omitted).

Defendant's eight prior convictions span from 2011 to 2021.  Although Defendant's 2011 conviction for unauthorized use of a motor vehicle, 2012 conviction for possession of a controlled substance, and 2013 conviction for burglary in the second degree occurred over ten years ago, there have been several intervening felony convictions since that time, even as recently as three years ago.  This suggests that Defendant's character has not improved and, therefore, preserves the probative value of Defendant's older felony convictions.  For this reason, the Court finds that this factor weighs in favor of admitting Defendant's prior convictions for purposes of impeachment.

### 3. *Similarity*

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (internal citations omitted). "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id*. (citing *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014); *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same)).

Defendant's prior convictions for knowingly receiving or concealing stolen property, possession of a stolen vehicle, burglary, and unauthorized use of a motor vehicle are dissimilar to the charged crimes of possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.  This factor weighs in favor of admitting these prior convictions.  However, Defendant's prior convictions for unlawful possession of a controlled drug with intent to distribute and possession of a controlled

9

substance are plainly similar to the charged crimes. Therefore, this factor does not weigh in favor of admitting Defendant's drug-related felony convictions.

### 4. *Importance of Testimony*

"In considering the fourth factor, the importance of Defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3 (internal citations omitted). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id*.

Along with the drug related charges, Defendant is charged in this case with felon in possession of a firearm. The fact that Defendant has other felony convictions is not particularly prejudicial. Likewise, the Court does not find the nature of Defendant's prior convictions to be particularly prejudicial. Specifically, none of Defendant's prior convictions are crimes of violence which could invoke an emotional response in jurors. For these reasons, the Court finds this factor to be neutral.

### 5. *Centrality of Credibility*

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–*e.g.,* if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id*. (citing *Caldwell*, 760 F.3d at 288).

Regarding the felon in possession count, at trial, the Government will be required to prove that Defendant knowingly possessed a firearm and, at the time of possession, knew that he had

previously been convicted of a felony.  *See* Tenth Circuit Pattern Jury Instruction 2.44.  These "knowingly" elements may make Defendant's credibility an issue at trial.  For this reason, the Court finds that this factor weighs in favor of admitting Defendant's prior convictions for purposes of impeachment.

### B. Rule 609(a)(1)(B) Balancing

Following a review of *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect."  *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)).  Upon review of the *Smalls* factors, the Court finds that the probative value of Defendant's prior convictions for knowingly receiving or concealing stolen property, possession of a stolen vehicle, burglary, and unauthorized use of a motor vehicle outweigh any potential prejudicial effect.  The Court notes that the impeachment value and temporal proximity factors weigh against the admissibility of some of these convictions.  However, regarding the impeachment value factor, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), *aff'd*, 659 F. App'x 461 (10th Cir. 2016)).  Regarding the temporal factor, as previously discussed, the "probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id*. at *2.  Because these are the only two factors which weigh against admissibility as to some of these convictions, the Court will allow the Government to introduce evidence of Defendant's prior convictions for knowingly receiving or concealing stolen property, possession of a stolen vehicle,

burglary, and unauthorized use of a motor vehicle for purposes of impeachment under Fed. R. Evid. 609.

However, after reviewing the *Smalls* factors in relation to Defendant's prior drug-related felony convictions, the Court finds that the probative value does not substantially outweigh the prejudicial effect. Particularly, the similarity between these prior convictions and the charged conduct in this case creates a real danger that the jury may misuse these convictions as propensity evidence despite their introduction for impeachment purposes. Even with the exclusion of the prior drug-related felony convictions, five other prior felony convictions remain available to the Government for impeachment purposes. The Court finds this to be more than sufficient. Therefore, the Court will not allow the Government to introduce evidence of Defendant's prior felony convictions for unlawful possession of a controlled drug with intent to distribute and possession of a controlled substance for purposes of impeachment under Fed. R. Evid. 609.

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence as described in the Government's Notice [Dkt. No. 25] is ADMISSIBLE IN PART AND INADMISSIBLE IN PART as set forth in this Order.

DATED this 24th day of October 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE